**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 8 2019

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-31582 |
| | ) | |
| Buckeye Activewear, LLC, | ) | Chapter 7, Involuntary |
| | ) | |
| | ) | |
| Alleged Debtor. | ) | Judge John. P. Gustafson |

### MEMORANDUM OF DECISION AND ORDER REGARDING ALLEGED DEBTOR'S MOTION TO RESTRICT PUBLIC ACCESS

This case comes before the court on formerly Alleged Debtor[1] Buckeye Activewear, LLC's ("Alleged Debtor") Motion to Restrict Public Access ("Motion"), filed on November 2, 2018. [Doc. #37]. Petitioning Creditor Radia Enterprises Inc. ("Petitioning Creditor") filed a Response that same day. [Doc. #38].

In its Motion, Alleged Debtor requests that the court restrict public access to this case's docket because, although the case has already been dismissed as an improper involuntary filing [Doc. #22], Alleged Debtor continues to be contacted by individuals "questioning the matter" such that Alleged Debtor's business affairs are being unfairly hindered. [Doc. #37]. In its Response,

---

1/ Because the involuntary petition in this case has already been dismissed [Doc. #22], the allegations against Buckeye Activewear, LLC are no longer live. However, for ease of reference and in the interest of uniformity with prior opinions, the court will continue to use the term "Alleged Debtor."

Petitioning Creditor opposes any public access restrictions, arguing that access restrictions are disfavored and that Alleged Debtor has not provided the requisite support for its access restriction request. [Doc. #38].

This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and venue is proper under 28 U.S.C. §1409(a). The court has jurisdiction over core proceedings under 28 U.S.C. §§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

Because Alleged Debtor has failed to meet the high bar imposed on requests to restrict public access, the court will deny Alleged Debtor's Motion.

A recitation of the background facts in this case can be found in the court's Memorandum Decision [Doc. #22] that dismissed with prejudice the involuntary petition filed against Alleged Debtor. After the involuntary case was dismissed, Alleged Debtor filed an Application for Compensation, seeking an award of fees and costs incurred in defending itself from the dismissed involuntary petition. Although Petitioning Creditor initially opposed Alleged Debtor's Application for Compensation [Doc. #28], the parties came to an agreement on the amount of fees and costs and filed an Agreed Order to that effect. [Doc. #32]. The Agreed Order states that "Alleged Debtor hereby agrees to hold harmless, release and forever discharge Radia Enterprises, Inc. from all claims made or that could have been in its motion for fees, costs, and damages in exchange" for "the sum of $3,800." [*Id.*].

After the parties resolved the issue of fees and costs, Alleged Debtor filed its Motion, Petitioning Creditor filed its Response, and the court set the matter for hearing to be held on November 20, 2018. [Doc. #37]. At the November 20th hearing, counsel for Alleged Debtor and counsel for Petitioning Creditor appeared by phone. The parties reiterated the arguments presented in their filings, and the matter was submitted for decision.

The Bankruptcy Code provides litigants with two avenues for requesting a restriction of the public's access to a case docket.[2] First, 11 U.S.C. §107(b) and its rule-based companion, Federal Rule of Bankruptcy Procedure 9018, allow a bankruptcy court to, among other things,

---

2/ The court notes that, in addition to Fed.R.Bankr.P. 9037 and 11 U.S.C. §107, 11 U.S.C. §303(k)(1) allows individuals who have succeeded in having a "false" involuntary petition dismissed to request that the court seal all records related to the dismissed petition. The Alleged Debtor in this case, however, is a corporate entity, not an individual, so the sealing of records under §303(k)(1) does not appear to apply.

"protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.[3]"

Second, Federal Rule of Bankruptcy Procedure 9037 provides bankruptcy courts with inherent, discretionary authority to seal, restrict access to, or redact documents if warranted by the facts of the case. *See*, *In re Stone*, 587 B.R. 678, 682 (Bankr. S.D. Ohio 2018).

No matter the avenue taken, federal courts "have long recognized a 'strong presumption in favor of openness' regarding court records." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)(quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *see also*, 11 U.S.C. §107(a) ("…a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."). In other words, "a court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as public monitoring is an essential feature of democratic control." *Stone*, 587 B.R. at 682 (quotation omitted). Consequently, a party seeking a restriction of the public's access to case filings and/or dockets must meet a demanding burden of proof. *See*, *Id.*; *In re Creighton*, 490 B.R. 240, 244 (Bankr. N.D. Ohio 2013).

In this case, the court finds that Alleged Debtor has failed meet the high bar imposed on requests for public access restrictions. Notably, Alleged Debtor's Motion does not cite to any legal authority in support of its request for public access restriction, nor is it accompanied by any evidence of the harms allegedly caused by free public access to this case's docket. While the court can appreciate Alleged Debtor's concerns regarding the potential harm caused by public access to this now dismissed involuntary case's docket, non-specific speculative concerns of harm do not constitute a showing sufficient to overcome the strong presumption in favor of public access to case files and dockets. *See*, *Rudd Equip. Co., Inc.*, 834 F.3d at 593; 11 U.S.C. §107(a).

Additionally, the court questions whether restricting the public's access to this case would provide Alleged Debtor with the relief it seeks. Alleged Debtor's Motion requests "that the case not be available in the public domain." [Doc. #37, p. 2]. However, even if the court were to restrict public access to the case docket as found on PACER and ECF, the internet is replete with websites that routinely mine and independently publish court data. Thus, restricting public access

---

3/ 11 U.S.C. §107 also provides for the protection of trade secrets and confidential business and research information. Those items are not at issue in this case.

to this case's docket would likely be an exercise in futility because parties already inclined to search for Alleged Debtor on the internet will be able to find mention of this now dismissed involuntary bankruptcy, whether or not there is a docket restriction.

Further, any party that accesses this case's docket will find that Alleged Debtor prevailed in having the involuntary petition dismissed. Given Alleged Debtor's concerns, allowing full public access to the docket is arguably preferable to an access restriction because, rather than relying on piecemeal data available on third party websites, interested parties will have access to the full picture and be able to see that the court dismissed the involuntary petition as unwarranted.

To summarize, the court will deny Alleged Debtor's Motion for Public Access Restriction because it has not made the showing necessary to overcome the presumption that case files and dockets are to be publicly accessible. *See*, *Rudd Equip. Co., Inc.*, 834 F.3d at 593; 11 U.S.C. §107(a). In addition, the court finds that Alleged Debtor's Motion would likely not provide the relief Alleged Debtor seeks.

Accordingly,

**IT IS ORDERED** that the Alleged Debtor's Motion to Restrict Public Access [Doc. #37] be, and hereby is, **DENIED.**